{¶ 39} The domestic relations court did not abuse its discretion when it valued the parties' retirement benefits on the basis of the balances in their accounts on September 1, 2005, instead of on the date of the final hearing, November 14, 2006. At least, Michael Conway can't argue, as he does on appeal, that the court should have considered the passive gains and losses in the value of the parties' retirement benefits after September 1, 2005, which would require the court to instead use the date of the final hearing.
 {¶ 40} The record shows that Michael Conway's counsel at first disputed the court's recollection that the parties had agreed to use the September 1, 2005 date. However, after Michael Conway interjected that it "doesn't make any difference" if the earlier date is used, his counsel told the court: "Right. So we'll use 9-1-05." (T. 27). That concession is clear and unambiguous, and it permitted the court to proceed as it did.
 {¶ 41} The point is significant because if the record is ambiguous respecting an agreement, as Judge Wolff writes, then on this record the court would have been required by R.C. 3105.171(A)(2) to use the date of the final hearing. Lacking any such ambiguity, and in view of the parties' agreement, the court could reasonably find that use of the date of the final *Page 7 
hearing would be "inequitable," and use the September 1, 2005 date instead. R.C. 3105.171(A)(2)(a)(ii). *Page 1